CHARLES J. FISHER, JR., by MARY E. FISHER, His Guardian ad Litem, Respondent, Appellant, v. REUBEN GREENBERG, Appellant, POTTER BARTLEY, HENRY W. DANGLER, RALPH HARLOE, VICTOR CORONA and WILLIAM CANNON (the Last Named Since Deceased), Respondents, and Others, Defendants.—On appeal by plaintiff from a judgment dismissing the complaint as against defendants Bartley, Dangler, Harloe, Corona and Cannon, in an action for damages for alleged malpractice, judgment reversed on the law and the facts as to defendants Bartley, Dangler and Cannon, and a new trial granted as to them, with costs to abide the event, and judgment unanimously affirmed as to defendants Harloe and Corona, with costs. On appeal by defendant Greenberg, judgment unanimously affirmed, with costs. In our opinion, the question of liability of defendants Bartley, Dangler and Cannon was one of fact for the jury. The presence of chicken-pox lesions complicated the treatment of the fracture in that the lesions were likely to spread, as they did, to the region of the fracture where the leg was encased by the traction apparatus, preventing access of air. The danger of infection to the part of the leg so encased presented an issue as to whether or not closer co-operation on the part of these members of the medical board and more frequent attendance and periodic removal of the apparatus for the purpose of examination were within the bounds of reasonable care and diligence. Defendant Harloe was not on service, nor did he treat the plaintiff, the testimony shows, until after the infection had developed. Defendant Corona was not charged with responsibility or treatment of plaintiff and there is no testimony that any shortcomings of the interne, Greenberg, were brought to his attention. Although defendant Greenberg was subject to the supervision of the visiting staff, a question of fact was presented as to whether or not he should have removed the apparatus at intervals for the purpose of making examination of the injured leg, particularly in view of his testimony that he had placed it there. Young, Hagarty, Carswell, Scudder and Tompkins, JJ., concur.